**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**BRYCE BRUENDERMAN** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-293-JHM**

**LOUISVILLE METRO GOVERNMENT** **DEFENDANT**

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on an initial review of Plaintiff Bryce Bruenderman's *pro se* civil complaint pursuant to 28 U.S.C. § 1915(e).

Initially, the Court considers Plaintiff's motion for leave to file an amended complaint. [DN 6]. Because Defendant has not yet answered the complaint, Plaintiff did not need leave of Court to amend the original complaint. Fed. R. Civ. P. 15(a). **IT IS ORDERED** that Plaintiff's motion for leave to amend [DN 6] is **DENIED as moot**.

## I.

Plaintiff filed this *pro se* civil action under 42 U.S.C. § 1983 against Defendant Louisville Metro Government. [DN 1, DN 7]. Plaintiff alleges that Louisville Metro Police Department officers violated his rights under the Fourth Amendment to the United States Constitution by eavesdropping on him in two separate apartments where Plaintiff lived, by disparaging him to other tenants in the building, by trying to get Plaintiff to enter an apartment that he thought was vacant, by trying to get Plaintiff to open packages and mail that did not belong to him, by using a "female tenant who lived upstairs to try to arrest Plaintiff for looking into her windows," by stalking, and by engaging in menacing behavior. Plaintiff also asserts two state law claims: intentional or negligent infliction of emotional distress and invasion of privacy.

As relief, Plaintiff seeks damages and an order directing Defendant to "delete all audio recordings Defendant collected while eavesdropping on Plaintiff."

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

### A. Section 1983 Claim

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Neither a municipality nor a county may be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d

358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any actions stated in the complaint occurred pursuant to a policy or custom implemented or endorsed by Louisville Metro Government. Because the complaint fails to establish a basis of liability against Louisville Metro Government, the constitutional claims against Louisville Metro Government must be dismissed for failure to state a claim upon which relief may be granted.

**B. State-law claims**

Plaintiff also alleges state-law claims for intentional or negligent infliction of emotional distress and invasion of privacy. Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The state-law claims, therefore, will be dismissed without prejudice.

**IV.**

The Court will enter a separate Order dismissing this case.

Date: September 3, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

.

cc: Plaintiff, *pro se*
4414.014